FRANCISCO LÓPEZ, Petitioner and Appellant, v. MANUEL V. DOMENECH, TREASURER OF PUERTO RICO, Respondent and Appellee.

No. 6289. Argued June 21, 1933.—Decided July 11, 1933.

*Angel Arroyo* for appellant. *Charles E. Winter, Attorney General,* and *R. Cordovés Arana, Assistant Attorney General,* for appellee.

Mr. Justice Hutchison delivered the opinion of the Court.

The district court refused to issue an alternative writ of mandamus to compel the Treasurer of Puerto Rico to cancel certain unpaid tax receipts for the fiscal years 1929–30, 1930–31, and 1931–32. Plaintiff relies on an act approved April 28, 1932, entitled "An Act to cancel the taxes owed by the coffee plantations for the fiscal year 1928–29; to remit in part those of the fiscal years 1929–30 and 1930–31; to postpone the collection of these taxes; to fix a tax rate for said coffee plantations; to appropriate funds to recompense the municipalities for the remissions made, and for other purposes." (Session Laws, p. 274).

Plaintiff alleges: That he is the owner of 45 *cuerdas* of land exempt as a coffee plantation from taxation but taxed by defendant who is demanding payment of taxes thereon amounting to $92.64 for the years 1929–30, 1930–31, and 1931–32; that ten *cuerdas* of the said land were and are planted with coffee, five of which are in full production and five of which have been replanted and will be in full production within two years; that the whole of these ten *cuerdas* had been planted with coffee and were under cultivation before the San Felipe hurricane of October (*sic*) 1928; that the said plantation was swept and destroyed by the said hurricane but has since been restored by plaintiff; that the land, more than eighteen *cuerdas* of which are unproductive and covered with brush, produces nothing but coffee, and the rest of the parcel is being prepared for the planting of coffee and of minor crops (*frutos menores*); that plaintiff presented his claim to defendant January 16, 1933, and defendant dismissed the same January 19, because of the mere circum-

stance that plaintiff in 1927 or 1928 had signed a rendition sheet prepared by one of the Treasury Department assessors, wherein it was stated, without plaintiff having noticed it and the fact being otherwise, that thirteen *cuerdas* of the property in question were covered with brush and the rest (31 *cuerdas*) was pasture land; and that defendant has refused to cancel the receipts for the fiscal years 1929–1930, 1930–31, and 1931–32.

Certain parts of the act, as for example section 3, may refer exclusively to coffee plantations which have been assessed as such. The title, however, speaks in general terms of "taxes owed by the coffee plantations." Section one authorizes the cancellation of "such receipt for taxes on coffee plantations for the fiscal year 1928–29" that were pending payment when the act took effect. Here the Legislature does not distinguish between coffee plantations assessed as such and coffee plantations assessed as pasture or waste land or otherwise. There is nothing in this section of the law upon which either the Treasurer or the courts can base any such distinction.

It may be conceded, of course, that the Treasurer is called upon to exercise some discretion in passing upon these claims. He is not bound to approve, without investigation, every claim that is presented. In a meritorious case, however, he cannot refuse to cancel the tax receipts.

The only facts at the present stage of the instant case are the facts stated in the petition. For the purposes of this opinion it may be conceded, without holding, that the Legislature did not intend to help the owners of coffee plantations who had deliberately rendered the same for taxes as pasture or waste land in order to obtain a lower valuation. Bad faith cannot be presumed. The petition now before us negatives, although not in a very satisfactory manner, the existence of any purpose to defraud the Government. The Treasurer gave the claimant, now plaintiff herein, no oppor-

tunity to explain the previous description of his coffee plantation as pasture land and brush. The claim was denied without any investigation of its merits.

We need not anticipate questions which may or may not arise at the trial. The petition states facts sufficient to justify the issuance of an alternative writ.

The order appealed from must be reversed and the case remanded for further proceedings not inconsistent herewith.